M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
Roksana D. Moradi (Bar No. 266572)
**SIMON RESNIK HAYES LLP**
15233 Ventura Blvd., Suite 250
Sherman Oaks, CA 91403
**Telephone:** (818) 783-6251
**Facsimile:** (818) 827-4919
jhayes@SRHLawFirm.com
matthew@SRHLawFirm.com
roksana@SRHLawFirm.com

*Attorneys for Debtor*
Freedom Films, LLC.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:14-bk-12002-MT |
| | Chapter 11 |
| FREEDOM FILMS, LLC, | **DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** |
| Debtor. | _**Disclosure Statement Hearing:**_ Date: July 30, 2015 Time: 9:30 a.m. Place: 302 U.S. Bankruptcy Court 21041 Burbank Blvd. Woodland Hills, CA 91367 |

On April 16, 2014, Freedom Films, LLC filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), 11 U.S.C. §101 et seq. Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a Plan of Reorganization (the "**Plan**"). The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both. *The Debtor is the proponent (the "**Proponent**") of this Plan of Reorganization.*

SIMON RESNIK
HAYES LLP

**In summary, this Plan provides for the transfer of all of the assets of the estate to a Liquidating Trust for the benefit of creditors.** The terms of the trust and other important information follows. *The Effective Date of the Plan shall be the first Business Day that is fourteen (14) calendar days after the entry of the Order Confirming the Plan.* The timing of Plan payments to particular creditor groups will depend upon their classification under the Plan.

A Disclosure Statement (hereinafter the "**Disclosure Statement**") also accompanies this Plan. The Disclosure Statement describes the Plan and provides additional information to enable creditors to make informed decisions about whether to vote for or against the Plan. The following are the specific provisions of the Plan.

## I.   <u>INTERPRETATIONS AND RULES OF CONSTRUCTION</u>

### a)   Interpretation, Computation of Time and Governing Law

#### 1) Rules of Interpretation

For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any references in the Plan to an existing document or Exhibit Filed or to be Filed means such document or Exhibit, as it may have been or may be amended, modified or supplemented; (d) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference

only and are not intended to be a part of or to affect the interpretation of the Plan; and (g) the rules of construction set forth in §102 of the Bankruptcy Code shall apply.

### 2) Time Periods.

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

### 3) Section Numbers.

References in this Plan and the Disclosure Statement to a code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

## II.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### a)    General Overview

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests. The Plan designates which classes are impaired and which classes are unimpaired. The Plan also describes the treatment each class will receive under the Plan. The Proponents will ask the Bankruptcy Court to confirm this Plan pursuant to 11 U.S.C. §1129(b) on any impaired classes if any of these classes do not vote to accept the Plan and if the Plan can otherwise be confirmed, notwithstanding the lack of acceptance by the Shareholders.

The Plan proposes the establishment of Liquidation Trust. The Debtor will, on the Effective Date, transfer all of its assets including avoidance actions to the Trust, less funds sufficient to pay administrative claims. The Trustee of the Liquidation Trust will be a well-respected, seasoned bankruptcy trustee chosen jointly by the Debtor and the Creditor's Committee. The Liquidation Trustee shall be paid his/her reasonable fees and costs from the assets of the Trust.

### 1. <u>Unclassified Claims</u>

Certain types of claims are not placed into voting classes; instead, they are unclassified.  Holders of unclassified claims not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan.

- **ADMINISTRATIVE CLAIMS**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code §507(a)(1).  The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.  The following is an estimate of the §507(a)(1) administrative claims that will be incurred and unpaid (net of any retainers received) through the Effective Date of the Plan and their treatment under this Plan.

| <u>Name</u> | <u>Amount Owed</u> | <u>Treatment</u> |
|---|---|---|
| Simon Resnik Hayes LLP, M. Jonathan Hayes<br><br>Attorney for the Debtor | $125,000 (estimated). This balance is net of the prepetition retainer received of $20,000. | Payment in full on the Effective Date provided the Debtor has sufficient funds to make the payment or, if not, from the first available funds received by the Liquidation Trustee. No fees will be paid until approved by the Bankruptcy Court after the appropriate applications are filed. |
| Lesnick Prince & Pappas LLP<br><br>Attorney for Creditor's Committee | $150,000 (estimated). | Payment in full on the Effective Date provided the Debtor has sufficient funds to make the payment or, if not, from the first available funds received by the Liquidation Trustee. No fees will be paid until approved by the Bankruptcy Court after the appropriate applications are filed. |
| Clerk's Office Fees | $0  (estimated | Paid when due |
| Office of the U.S. Trustee Fees | $325 - $650 per quarter (estimated) | Quarterly fees, as required by 28 U.S.C. §1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |
| TOTAL | $275,000 | |

SIMON RESNIK
HAYES LLP

**4**

SECOND AMENDED PLAN OF REORGANIZATION

## Court Approval of Fees Required

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court.  Fees of the Court Clerk and the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

- **PRIORITY TAX CLAIMS**

Priority tax claims are certain unsecured income, employment and other taxes described by §507(a)(8).  The Code requires that each holder of such a §507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the petition date.

| Description | Amount Owed | Treatment |
|---|---|---|
| Name = Los Angeles County Treasurer<br><br>Type of tax =  Business Tax | 214.24 | The LA County Treasurer will be paid in full on the Effective Date.<br><br>POC No. 1 |
| | | |
| **TOTAL PRIORITY** | **214.24** | |

## 2.  Classified Claims and Interests

### Class 1: Priority Unsecured Claims

Claims: Certain priority claims specified in §507(a)(3), (4), (5), (6), and (7) of the Bankruptcy Code are required to be classified in the Plan.  Each class of priority claims must be paid in cash in full on the Effective Date of the Plan unless the holders of such claims vote, as a class, to accept deferred payments.

Impaired/Not Impaired: Class 1 Allowed Priority Claims are not impaired under the Plan.

Treatment: The holders of Class 1 Priority Unsecured Claims will be paid in full once there are funds available to pay the claims.

SIMON RESNIK
HAYES LLP

**SECOND AMENDED PLAN OF REORGANIZATION**

## Class 2 – Secured Claim of Screen Actors Guild & American Federation of Television

Claim/Collateral: The Screen Actors Guild and American Federation of Television and Radio Artists (SAG and AFTRA) has an estimated claim of approximately $132,190.09 (pursuant to Proof of Claim No. 28), secured by a security agreement recorded with the U.S. Copyright Office that granted the claimant a security interest in the copyright and all proceeds of Debtor's project.  The Security Agreement indicates that "Once Fallen, LLC" is the signatory and not the Debtor in the instant bankruptcy.  The UCC-1 emphasizes this point as well. Further, the UCC-1 supporting the alleged security interest was filed in Delaware, in favor of the claimant.  The Debtor will object to either the amount of the claim or to the assertion that it is secured.  This is not the Debtor's debt but rather the production "Once Fallen LLC". Therefore, the claim is not part of the Debtor's estate with respect to a secured lien.

Impaired/Not Impaired: The Class 2 Claim is impaired under the Plan.

Treatment: The Class 2 Claim will retain its liens, if any, on the Debtor's assets to the extent that it had liens prepetition.  The Class 2 Claims, if secured, will be paid out of the sale of the collateral or the collateral will be abandoned to SAG.  That decision will be made by the Liquidating Trustee.  If the claim is finally adjudged to be unsecured, the claim will be paid with the unsecured creditors.  See below Class 5.

Comments:  Debtor does not believe it has any assets that are subject to the purported claim of the creditors in this class.  Debtor will object on that basis to the claim.

## Class 3 – Secured Claim of Writers Guild of America West, Inc.

Claim/Collateral: Writers Guild of America West, Inc. has an estimated claim of $168,398.29 (pursuant to Proof of Claim No. 23), of which $8,130.44 is secured pursuant to a security interest against certain assets including accounts, chattel paper, contracts, copyrights, licenses, inventory, merchandising rights etc.   Debtor has not yet determined whether to object to either the amount of the claim or to the assertion that it is secured.

SIMON RESNIK
HAYES LLP

Impaired/Not Impaired: The Class 3 Claim is impaired under the Plan.

Treatment: The Class 3 Claim will retain its liens, if any, on the Debtor's assets to the extent that it had liens prepetition.  The Class 3 Claims, if secured, will be paid out of the sale of the collateral or the collateral will be abandoned to the Guild.  That decision will be made by the Liquidating Trustee.  If the claim is finally adjudged to be unsecured, the claim will be paid with the unsecured creditors.  See below Class 5.

Comments:  The Debtor does not believe it has any assets that are subject to the purported claim of the creditors in this class.

## Class 4– Secured Claim of Directors Guild of America, Inc.

Claim/Collateral: Directors Guild of America, Inc. has an estimated secured claim of $584.59 (pursuant to Proof of Claim No. 26), which is alleged to be secured pursuant to a security interest which identified the collateral as accounts, chattel paper, contracts, copyrights, licenses, inventory, merchandising rights.  It is unclear the priority of the purported lien.

Impaired/Not Impaired: The Class 4 Claim is impaired under the Plan.

Treatment: The Class 4 Claim will retain its liens, if any, on the Debtor's assets to the extent that it had liens prepetition.  The Class 4 Claim, if secured, will be paid out of the sale of the collateral or the collateral will be abandoned to the Guild.  That decision will be made by the Liquidating Trustee.  If the claim is finally adjudged to be unsecured, the claim will be paid with the unsecured creditors.  See below Class 5.

Comments:  The Debtor does not believe it has any assets that are subject to the purported claim of the creditors in this class.

**Class 5 – General Unsecured Creditors**

Claim/Collateral: General unsecured claims are unsecured claims not entitled to priority under §507(a).  In the present case, the Debtor estimates that there are approximately $26.5 million worth of general unsecured debts. See **Exhibit "C," of the Disclosure Statement** for the details.

Impaired/Not Impaired: Class 5 Allowed General Unsecured Claims are impaired under the Plan.

Treatment: Holders of General Unsecured Claims, including the unsecured portion of the secured creditors treated in Classes 2, 3, 4 will be paid pro-rata the amount the Liquidating Trustee receives from the proceeds of the sale and liquidation of the estate property, if any, after payment of the administrative expenses and Class 1 priority claims. The payments will be made from time to time when the Liquidation Trustee determines that it is feasible and appropriate to make payments.  The payments may be interim in nature or may be made when the Liquidation Trustee determines that there is nothing left to do but distribute the assets and end the Trust.

**Class of Interest Holders**

**Class 6** – Equity Interests

The Debtor's owners will receive nothing under the Plan unless and until all creditors are paid in full with interest.  The Liquidating Trustee will pay all funds available after payment of the administrative expenses, and Classes 1-5, to the Debtor's investors.

## III.    MEANS OF PERFORMING THE PLAN

### i.    *Funding for the Plan*

On the Effective Date of the Plan, the Debtor will transfer all of its assets including avoidance actions, if any, to the Liquidating Trust.  The Debtor will turn over all of its books and records to the Liquidating Trust as well.  The Trustee of the Liquidating Trust will be the members of the Creditors' Committee (collectively referred to as the "**Liquidating Trustee**"), or such successors as the Liquidating Trustee may appoint.

The Liquidating Trustee shall be reimbursed its reasonable costs from the assets of the Liquidating Trust, and shall be permitted to employ any professionals it deems appropriate to help effectuate the Plan, without the approval of the Bankruptcy Court.  The Liquidating Trustee has agreed to serve without any fee or commission (other than the payment of any professionals they employ in furtherance of the Plan).  The Liquidating Trustee will liquidate the assets the Trust receives from the estate and distribute the proceeds to holders of allowed claims in accordance with the Plan.

The Trust documents will provide that the Liquidating Trustee shall liquidate the assets transferred to the Trust expeditiously.  The Liquidating Trustee shall pay the costs for the administration of the Trust, including, but not limited to, administrative expenses, professional fees such as attorneys' fees, and other costs associated with the winding down of the Trust's terms and purpose.

From and after the Effective Date, the Liquidating Trustee may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court and are free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

The Liquidating Trust shall take possession of the assets of the Estate and have exclusive right to investigate and prosecute any and all claims of the Estate and shall have exclusive authority to oversee the disbursements to be made pursuant to the terms of the Plan .

**SIMON RESNIK
HAYES LLP**

The Liquidating Trustee shall have, retain, reserve and be entitled to assert all claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Debtor's legal and equitable rights respecting any such claim which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

The Liquidating Trustee shall have sole and absolute discretion over whether to prosecute, settle or take action with respect to any and all claims of the Estate.  The Liquidating Trustee shall exercise its reasonable business judgment in determining whether to prosecute, settle or take action regarding any and all claims of the Estate.

The Liquidating Trustee may compromise or settle any all claims of the Estate without further notice, hearing or Court order.

After the Confirmation Date, the Liquidating Trustee may employ, without notice, hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other professionals (the "Post-confirmation Professionals") as it may desire to render services on such terms as it deems reasonable.  With respect to services rendered by the Post-confirmation Professionals, the Liquidating Trustee shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

The Liquidating Trustee shall also be responsible for preparing and filing post-confirmation status reports with the Office of the United States Trustee and the Court and paying all post-confirmation quarterly fees of the Office of the United States Trustee until the bankruptcy case is dismissed or a final decree has been entered, whichever occurs first.

*ii.  Management of the Reorganized Debtor*

The management of the Debtor will be terminated on the Effective Date of the Plan.

*iii. Disbursing Agent*

Simon Consulting, LLC (one of the members of the Creditors' Committee) shall act as the initial disbursing agent for the purpose of making the distributions under the Plan on behalf of the Liquidating Trust.  The Liquidating Trustee may appoint a different disbursing agent at any time.

*iv. Distributions*

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on domestic bank selected by the Disbursing Agent.

Any distributions under the Plan that are unclaimed or undeliverable for a period of six (6) months after distribution thereof shall be revested in the Liquidating Trust, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution or any future distribution shall be extinguished and forever barred.

## IV.    TREATMENT OF MISCELLANEOUS ITEMS

i.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*a.  Assumptions*

The Debtor does not believe that it is a party to any executory contracts at this time. The Debtor will amend this paragraph of the Disclosure Statement if it discovers executory contracts prior to approval by the Bankruptcy Court of the Disclosure Statement.

On the Effective Date, the Debtor will reject all executory contracts.

*b.  Rejections*

The order confirming the Plan shall constitute an order approving the rejection of all of the Debtor's unexpired leases and executory contracts, if any, regardless of whether such leases or contracts are described in this Disclosure Statement or the Plan.  If you are a

party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY DAYS AFTER THE EFFECTIVE DATE.  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

## II. CHANGES IN RATES SUBJECT TO REGULATORY COMMISSION APPROVAL

Debtor is not subject to governmental regulatory commission approval of its rates.

## III. RETENTION OF JURISDICTION

The Court will retain jurisdiction over this bankruptcy case until a Final Decree is entered by the Court.  The Liquidating Trustee will seek a Final Decree from the Court when the estate is fully administered, in accordance with Bankruptcy Rule 3022.

## V.   EFFECT OF CONFIRMATION OF PLAN

### a) Discharge

This Plan provides that the Debtor will not receive a discharge as specified in 11 U.S.C. §1141.

### b) Revesting of Property in the Debtor

Confirmation of the Plan does not revest any property of the estate in the Debtor.

SIMON RESNIK
HAYES LLP

**12**
SECOND AMENDED PLAN OF REORGANIZATION

### c) Modification of Plan

The Proponent may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modifications after notice and a hearing.

### d) Post-Confirmation Employment and Compensation of Reorganized Debtor's Professionals

The Debtor does not anticipate post-confirmation operations.  If however, the Debtor determines that professionals are necessary after the Plan is confirmed, it may employ and compensate such professionals without the necessity for court approval of either the employment or compensation.

With respect to services rendered by the Post-confirmation Professionals, the Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

In the event there is a default by Debtor in its payment of fees to Simon Resnik Hayes LLP ("SRH"), SRH will give the Debtor notice of the default by electronic mail and advise the Debtor that it has ten (10) days to cure the default.  If Debtor does not cure within that time period, SRH will be permitted to accelerate the balance due at the time and enforce the order of this Court approving the fees by whatever means are available to it including the costs and expenses related to the recording of the order and costs of collection.  SRH shall not be required to get any further approval of this Court for payments related to outstanding fees.

It is anticipated that the Liquidating Trustee will employ counsel and, if necessary, other professionals, to assist in implementing the Plan.

### e) Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within one-hundred and eighty (180) days after the entry of the order of confirmation.

### f) Final Decree

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Liquidating Trustee, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Dated:  August 14, 2015                By:  _____

                                            **Brian Presley**
                                            Debtor's Managing Member

Dated:  August 14, 2015                By:  ____**/s/ M. Jonathan Hayes**____
                                            M. Jonathan Hayes
                                            Matthew D. Resnik
                                            Roksana D. Moradi
                                            *Attorneys for Plan Proponent*

SIMON RESNIK
HAYES LLP

**14**
**SECOND AMENDED DISCLOSURE STATEMENT**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  **15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403.**

A true and correct copy of the foregoing document entitled **DEBTOR'S SECOND CHAPTER 11 PLAN OF REORGANIZATION** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **8/25/2015** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page

- **David E Ahdoot    dahdoot@bushgottlieb.com, rsanthon@bushgottlieb.com**
- **Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com**
- **Katherine Bunker    kate.bunker@usdoj.gov**
- **Stacy L Foster    sfoster@btlaw.com, lharrison@btlaw.com**
- **William F Govier    wgovier@lesnickprince.com, tmims@lesnickprince.com**
- **M Jonathan Hayes    jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com; maria@srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com;sevan@srhlawfirm.com**
- **Joseph A Kohanski    jkohanski@bushgottlieb.com, jsilver@bushgottlieb.com**
- **Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com**
- **Matthew A Lesnick    matt@lesnickprince.com, tmims@lesnickprince.com;matt@ecf.inforuptcy.com**
- **Courtney E Pozmantier    cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com**
- **Jeffrey B Smith    jsmith@cgsattys.com, vphillips@cgsattys.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Gary R Wallace    garyrwallace@ymail.com**
- **Diane Weil (TR)    dcw@dcweillaw.com, dweil@ecf.epiqsystems.com**

**II.   SERVED BY U.S. MAIL:** On **8/25/2015** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

| | |
|---|---|
| **Hon. Maureen A. Tighe** | **FREEDOM FILMS, LLC** |
| **U.S. Bankruptcy Court** | **C/O Brian Presley** |
| **21401 Burbank Blvd., Suite 325** | **15300 Ventura Blvd., # 315** |
| **Woodland Hills, CA 91367** | **Sherman Oaks, CA 91403** |

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **8/25/2015** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/25/2015 | Ja'Nita Fisher | /s/ Ja'Nita Fisher |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**15**
**SECOND AMENDED PLAN OF REORGANIZATION**

SIMON RESNIK
HAYES LLP